UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

EDWARD KISSNER,                                              CIVIL ACTION

   Plaintiff                                                              NO.

VS.

METRO-NORTH RAILROAD COMPANY,

   Defendant
_____X

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

### PARTIES

3. The plaintiff is domiciled in North Haven, Connecticut.

4. The defendant, Metro-North Railroad Company, (hereinafter referred to as defendant Railroad), is a railroad corporation duly established by law, and having a usual place of business in New York, New York.

## FACTS

5. During all times herein mentioned, the defendant Railroad was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as a Sub-Station Electrician at or about Anchor Bridge 374 in Stamford, Connecticut.

7. At the time the plaintiff received the injuries complained of the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On or about November 30, 2021, the plaintiff was engaged in his duties as a Sub-Station Electrician at or about Anchor Bridge 374 in Stamford, Connecticut, which yard, lines, tracks, rails, engines, trains, shops, bridges, bridge parts, electrical equipment, grounding wires, trucks, machines, tools, and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant corporation.

9. At the time the plaintiff received the injuries complained of he was climbing down Anchor Bridge 374 in Stamford, Connecticut. When he was about 4' from the

ground, his right leg became entangled in a clutter of old grounding wires causing the plaintiff's right knee to hyperflex.

## AS AND FOR A FIRST CAUSE OF ACTION

10. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 9 of this Complaint with the same forth and effect as if fully set forth herein.

11. At all relevant times hereto the defendant Railroad, its agents, servants, and employees failed in its nondelegable duty to provide the plaintiff with a reasonably safe place in which to work and were negligent in one or more of the following ways:

a) it failed to properly supervise the plaintiff; and/or

b) it carelessly provided the plaintiff with an unsafe place to work with a web of old grounding wires dangling from the anchor bridge; and/or

c) it failed to provide the plaintiff with a safe place to work by not providing him with a clean and uncluttered work area free of old grounding wires and debris; and/or

d) it failed to remove old grounding wires from the anchor bridge; and/or

e) it failed to act in a reasonably prudent manner under the facts and circumstances surrounding the incident.

12. As a result of the negligence in whole or in part of the defendant Railroad, its agents, servants, or employees, the plaintiff was injured.

13. As a result of the said negligence and injuries, the plaintiff has suffered and will suffer lost wages and benefits, incurred medical expenses, suffered physical pain,

mental anguish, and mental distress and will continue to do so in the future, and has an impairment to his future earning capacity and/or impaired economic horizons.

## **AS AND FOR A SECOND CAUSE OF ACTION**

14. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 9 of this Complaint with the same force and effect as if set forth under this cause of action.

15. The defendant Railroad has a contract with Occupational Health Services (OHS) to examine its employees in the defendant Railroad headquarters to determine their fitness to work.

16. The defendant Railroad's OHS agent examined the plaintiff on or about March 31, 2022, to determine his medical fitness to return to work.

17. The defendant Railroad's OHS agent was not able to get the plaintiff's resting heart rate below 100 which is a guideline that they rely on to determine an employee's fitness to work.

18. The defendant Railroad's OHS agent qualified the plaintiff to return to work full duty on or about the night of March 31, 2022 and he suffered a stroke at work on or about April 2, 2022.

19. At all relevant times hereto the defendant Railroad, its agents, servants, and employees failed in its nondelegable duty to provide the plaintiff with a reasonably safe place in which to work and were negligent in one or more of the following ways:

4

a) it carelessly qualified the plaintiff to be medically fit to return to work full duty despite his abnormal heart rate; and/or

b) it failed to follow its own medical standards and/or guidelines for properly evaluating whether an employee should be medically cleared to return to work; and/or

c) it failed to ensure that the plaintiff received proper medical treatment before it medically qualified him to return to work full duty; and/or

d) it failed to refer the plaintiff to a proper medical specialist to evaluate his ability to return to work.

20. As a result of the negligence in whole or in part of the defendant Railroad, its agents, servants, or employees, the plaintiff was injured.

21. As a result of the said negligence and injuries, the plaintiff has suffered and will suffer lost wages and benefits, incurred medical expenses, suffered physical pain, mental anguish, and mental distress and will continue to do so in the future, and has an impairment to his future earning capacity and/or impaired economic horizons.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for monetary damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

By his attorneys,

By _____
George J. Cahill, Jr. (ct04485)
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: (203) 865-5904
cahill@trainlaw.com